IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-82-1H
No. 5:17-CV-175-H

TREMAYNE ALLEN MCNEILL,          )
                                 )
       Petitioner,               )
                                 )
                                 )
    v.                           )
                                 )          **ORDER**
                                 )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
       Respondent.               )

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #63, #70]. The government filed a motion to dismiss. [DE #72]. Petitioner, proceeding pro se, filed a response. [DE #75]. Petitioner then filed a second motion to amend his § 2255 motion, requesting relief pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). [DE #79]. Petitioner's motions to amend, [DE #70 and DE #79], are hereby granted, and the contents are considered herein.[1] Counsel was appointed under Standing Order 20-SO-2, and petitioner was provided thirty days to file a supplemental response to the government's motion to dismiss. [DE #80]. Petitioner, through counsel who represented him at

---

[1] In both his supplemental response to the government's motion to dismiss and in his sur-reply, petitioner, through counsel, has filed a notice of withdrawal of Rehaif argument outlined in DE #79. [DE #81 at 12 and #94 at 2].

sentencing[2], filed a supplemental response. [DE #81]. The government's motion for extension of time to file a response, [DE #92], is hereby GRANTED, and government's reply to petitioner's supplemental response, [DE #93], is considered timely filed by this court. Petitioner, through counsel, has filed a sur-reply to the government's response. [DE #94]. Petitioner has additionally filed a motion for disposition pursuant to Fed. R. Civ. P. 16, which is addressed by the contents herein. [DE #76]. This matter is ripe for adjudication.

## BACKGROUND

On November 9, 2015, pursuant to a signed Memorandum of Plea Agreement, petitioner pled guilty to possession with intent to distribute a quantity of marijuana and a quantity of 3,4-methylenedioxymethcathinone (molly), and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); maintaining a place for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856(a)(1) (Count Two); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three).

---

[2] After filing a response to the government's motion to dismiss, counsel moved to withdraw, [DE #82], and this motion was granted, directing the Federal Public Defender to appoint new counsel for petitioner. [DE #84]. Additional counsel filed a notice of appearance. [DE #85].

2

At petitioner's sentencing hearing on November 9, 2016, petitioner was found to be subject to an enhanced penalty under 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act ("ACCA"). Instead of a maximum term of imprisonment of ten years on Count Three, petitioner was subject to a minimum term of imprisonment of fifteen years under the ACCA. [PSR at ¶ 80]; see 18 U.S.C. §§ 922(g) and 924(a)(2)]. Although the PSR indicated petitioner qualified as a career offender under the United States Sentencing Guidelines ("USSG") § 4B1.1(b), the court sustained petitioner's objection to this designation. The court found the guideline range to be 180-188 months because of the statutory minimum associated with the ACCA. Petitioner was sentenced by this court to a total term of imprisonment of 180 months on Counts One, Two, and Three, to run concurrently. Petitioner did not appeal.

On April 10, 2017, petitioner filed a motion to vacate under 28 U.S.C. § 2255, arguing he was erroneously sentenced under the ACCA, [DE #63]; that counsel rendered ineffective assistance in failing to object to his erroneous ACCA designation, [DE #70]; and that he should be afforded relief pursuant to Rehaif[3], [DE #79].

---

[3] As noted supra, this claim pursuant to Rehaif is withdrawn.

3

**COURT'S DISCUSSION**

I. **Petitioner's Motion for disposition pursuant to Fed. R. Civ. P. 16**

Petitioner moved the court for a status update as to his § 2255 motion, [DE #76], and to the extent his § 2255 is resolved herein, this motion is DENIED AS MOOT.

II. **Petitioner's Motion to Vacate**

   a. **Standard of Review**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance." Id. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional

4

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

**b. Analysis**

Petitioner argues in light of United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), his prior North Carolina state serious drug offenses, [DE #52 PSR ¶¶ 20 and 21] are not predicate offenses under the ACCA, and he is no longer an armed career criminal. As Newbold was decided prior to petitioner's sentencing, petitioner also contends counsel rendered ineffective assistance by failing to object to the ACCA designation.[4] The parties, and this court, agree that in light of Newbold, petitioner is not an armed career criminal. Therefore, petitioner's statutory minimum of fifteen years under ACCA was in violation of the ten year statutory maximum on Count Three under 18 U.S.C. § 922(g).

The government contends petitioner has not established prejudice to support a claim of ineffective assistance; however, this court disagrees. Without the ACC designation, petitioner would have faced a statutory maximum of ten years on Count Three, rather than a statutory minimum of fifteen years. [DE #70 at 2-3]; 18 U.S.C. § 924(a)(2). Additionally, as observed by the Fourth

---

[4] The court notes the exception in the appeal waiver in petitioner's plea agreement for a motion pursuant to 28 U.S.C. § 2255 "based upon grounds of ineffective assistance of counsel … not known to the defendant at the time of the defendant's guilty plea." [DE #30 at 1-2].

5

Circuit in Newbold, "[i]t is axiomatic that 'there are serious, constitutional, separation-of-powers concerns that attach to sentences above the statutory maximum penalty authorized by Congress,' for it is as if the defendant 'is being detained without authorization by any statute.'" Newbold, 791 F.3d at 460 (quoting Bryant v. Warden, 738 F.3d 1253, 1283 (11th Cir. 2013), reh'g en banc denied, (11th Cir. 2014)). "[A] defendant who 'does not constitute an armed career criminal ... [has] received a punishment that the law cannot impose upon him.'" Id. (citing United States v. Shipp, 589 F.3d 1084, 1091 (10th Cir. 2009) (internal quotation marks omitted)). Petitioner has shown that but for the advice that the ACCA designation was proper, "the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Therefore, petitioner's motion to vacate his sentence is GRANTED. Petitioner's judgment is vacated, and he shall be resentenced.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, [DE #63], is GRANTED. Petitioner's motions to amend his § 2255, [DE #70 and #79], are GRANTED. The government's motion for extension of time to file a reply, [DE #92], is GRANTED. The government's motion to dismiss,

6

Case 5:15-cr-00082-H   Document 95   Filed 10/15/20   Page 6 of 7

[DE #72], is DENIED.  Petitioner motion for disposition, [DE #76], is DENIED AS MOOT.

Therefore, petitioner's judgment is vacated, and this matter is SCHEDULED for resentencing during this court's November 3, 2020 term of court.  Petitioner shall remain in custody pending the resentencing hearing.  Counsel appointed by the Federal Public Defender of the Eastern District of North Carolina ("FPD") is DIRECTED to continue representing petitioner in connection with the resentencing.

The United States Probation Office is DIRECTED to provide a resentencing memorandum to the parties and the court.  The clerk is DIRECTED to serve a copy of this order on the USPO.

This 15th day of October 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35